

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00619-CV

———————————————

DAVID LYNN, Appellant

V.

RONALD FERGUSON, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-331430-22

Before Kerr, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Pro se Appellant David Lynn appeals the trial court's turnover order. After he filed his notice of appeal, Lynn did not timely elect to file an appendix in lieu of the clerk's record. *See* Tex. R. App. P. 34.5a(a) (stating that "[t]he notice of election must be filed within 10 days after the" notice of appeal's filing). Accordingly, he was responsible for arranging to pay for the preparation of the clerk's record, which was due on January 12, 2026. *See* Tex. R. App. P. 35.1, 35.3(a)(2).

After the trial-court clerk informed us that no payment arrangements had been made, we called this issue to Lynn's attention in our January 14, 2026, February 11, 2026, and March 20, 2026 letters, including informing him that he had failed to timely elect to proceed on an appendix in lieu of a clerk's record and had failed to pay for the clerk's record. *See* Tex. R. App. P. 37.3(b). In response, Lynn claimed that the trial-court clerk had wrongfully rejected a money order that he had submitted. But we have confirmed with the trial-court clerk that (1) the money order was rejected because it was not signed and (2) Lynn has not otherwise paid for the clerk's record.

More than four months have passed since the clerk's record was due, and Lynn has failed to make arrangements to pay for it. Because Lynn has not made satisfactory payment arrangements for the clerk's record's preparation, we dismiss this appeal for want of prosecution.[1] *See* Tex. R. App. P. 37.3(b), 42.3(b); *Parrish v. PDG Grp. Inc.*, No.

---

[1]In deciding this appeal, we grant Lynn's motion to exceed the word count, *see* Tex. R. App. P. 9.4(i)(2)(B), and have considered his subsequent filings.

2

2-03-266-CV, 2004 WL 595078, at *1 (Tex. App.—Fort Worth Mar. 25, 2004, no pet.).

Lynn has alternatively requested that we treat his appeal as a petition for writ of mandamus. Having considered it as such, the court is of the opinion that relief should be denied. Accordingly, Lynn's alternative petition for writ of mandamus is denied.

Per Curiam

Delivered: May 14, 2026